[No. 6572.]

## THE PEOPLE v. ZOBEL.

1. CRIMINAL LAW—*Accessory—Principal*—An accessory may, under Rev. Stat. 1620, be indicted and punished as a principal. The dismissal of an information as to a principal, and his discharge, does not justify the discharge of the accessory by the court of its own motion, against the protests of the district attorney. At that stage of the proceedings only the district attorney may order a discontinuance.

2. TRIAL—*Insufficient Evidence—Power of the Court. Semble* that if upon the trial of an information the evidence is insufficient to warrant a conviction the court may order the discharge of the accused.

3. ——*Writ of Error by the People*—Three were made defendants in a civil action for the value of ores alleged to have been stolen. Judgment was recovered against all. An information then pending against the same persons, for the larceny of the ores, was discontinued by the district attorney, as to two of the defendants, upon their promise to give testimony against the third, one Z. The presiding judge thereupon announced that the evidence heard in the trial of the civil action satisfied him that those as to whom the in-

formation had been dismissed were the real principals, and Z only
an accessory, and that as the principals had been discharged the ac-
cessory could not be prosecuted; and, over the objections of the dis--
trict attorney, the court dismissed the information, discharged Z,
and exonerated his sureties. *Held*, in legal effect, the discharge of Z,
was upon "a plea in bar" orally interposed by the court, and that a.
writ of error by the people lay under the statute (Rev. Stat. sec..
1997.)

4. ——*Judgment*—The order of the district court discharging an
accused person being reversed, the cause was remanded for further-
proceedings according to law.

*Error to Lake District Court.*—Hon CHAS. CAVENDER,.
Judge.

Hon. JOHN T. BARNETT, attorney general, Mr. JAMES M.
BRINSON, deputy attorney general, and Mr. JAMES T. HOGAN,.
district attorney for the people.

Mr. JOSEPH W. CLARKE and Mr. T. E. McINTYRE, for
defendant in error.

The district attorney of the fifth judicial district filed an
information against the defendant in error, charging him with
larceny of ores. Two others were also charged with the lar--
ceny of these ores, whether in the same or other informations.
is not altogether clear; but that is not material. Subsequently,.
in the same district court in which these criminal proceedings
were instituted, and before the same presiding judge, a civil'
action against these parties, for the recovery of the value of
the ore so charged to be stolen, was tried, and a judgment
rendered against them. Thereafter the criminal proceedings;
against defendants other than Zobel were dismissed by the
district attorney upon their promise to give evidence against
Zobel. Later, the district attorney made a motion to fix a
time for the trial of Zobel, when the presiding judge said to
the district attorney that he had already heard the evidence in
the civil action, and therefore it appeared that the defendants
against whom the charge had been dismissed were the princi-
pals in the crime, and Zobel only an accessory, and as the prin-
cipals had been discharged by the district attorney, Zobel, as
accessory, could not thereafter be tried. The judge thereupon,.

over the objection and against the protest of the district attorney, and notwithstanding the latter's statement that he had other evidence of Zobel's guilt than that produced at the trial of the civil action, dismissed the criminal charge against Zobel, discharged him, and released his bondsmen. To review this action, the district attorney has brought the case to this court for the review on error, under and by virtue of the provisions of section 1997, R. S. 1908, which, so far as material to any question involved, is as follows:

"* * * Writs of error shall lie on behalf of the state or the people to review decisions of the trial court in any criminal case upon questions of law arising upon the trial, motions to quash, demurrers, pleas in bar, pleas in abatement, motions in arrest of judgment, or where a statute is declared unconstitutional * * * provided, that nothing in this act shall be construed so as to place a defendant in jeopardy a second time for the same offense."

On behalf of the people the district attorney contends that the dismissal of the action and the discharge of the defendant were erroneous, because that step could not be taken without his consent and over his objection; while on the part of the defendant the contention is, that the question presented does not come within the purview of the section of the statute above quoted, for the reason that the dismissal was not ordered upon "questions of law arising upon the trial."

Mr. JUSTICE GABBERT delivered the opinion of the court:

It is well settled in this state, and generally, in this country, that a writ of error in a criminal case will not lie at the instance of the state unless clearly authorized by statute—*People v. Raymond*, 18 Colo. 242; *U. S. v. Sanges*, 144 U. S. 310—and the first question we shall determine, is, whether or not the section of the statute above quoted covers the case made by the facts.

It appears from the record that the dismissal of the cause was based upon facts, knowledge of which the judge obtained outside of the record in this case, which were, that because the

proceedings against the other defendants charged with the lar-
ceny of the ores had been dismissed, and it appeared to the
court from the facts established at the trial of the civil action,
that they were the principals, and the defendant only an acces-
sory, that the latter could not be tried after the discharge of
his principals.   In legal effect, therefore, the action of the
court was based upon a plea in bar, which of its own motion it
orally interposed.   Such being the case, it is not necessary to
define the meaning of the phrase "questions of law arising at
the trial," for the reason that a decision of the court was made
on a plea in bar, and that is one which the statute specifically
authorizes to be reviewed in a proceeding like the present one.

In this state an accessory is guilty the same as a principal,
and may be indicted and punished as a principal—sec. 1626,
R. S. 1908.   The mere fact that the district attorney had dis-
missed the proceedings against the principals did not justify
the court, over his objection, to discharge the accessory.   This
is true, even if an accessory can not be tried after the discharge
of the principal; that is, the court should not, for this reason,
refuse to set a case against an accessory for trial, and of its
own motion dismiss it before it had regularly been brought on
for trial before a jury.   It would doubtless be within the juris-
diction of the trial court, after the trial was commenced, if it
appeared the evidence was insufficient, or that the law, as ap-
plied to the facts, developed at the trial, would not permit a
conviction, to discharge the defendant, but, in advance of the
trial, as in this case, it was not competent for the court of its
own motion, and against the protest and objection of the dis-
trict attorney, to dismiss the cause and discharge the defend-
ant.   At that stage of the proceedings the district attorney was
the only one who could order the proceedings discontinued.—
*People v. District Court,* 23 Colo. 466; *Gray v. District Court,*
42 Colo. 298.

For the reason that in our opinion the court erred in dismissing the action, the judgment is reversed and the cause remanded for further proceedings according to law.

*Reversed and Remanded.*

Decision *en banc.*

CHIEF JUSTICE MUSSER, Mr. JUSTICE SCOTT and Mr. JUSTICE BAILEY dissent.