No. 28264

## The People of the State of Colorado v. Danny Brent Heinz

(589 P.2d 931)

Decided January 29, 1979.

Nolan L. Brown, District Attorney, Robert D. Kelly, Deputy, for plaintiff-appellant.

Norton, Frickey and Associates, Dan W. Corson, for defendant-appellee.

*En Banc*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This interlocutory appeal was taken to obtain review of a district court order which dismissed a charge against the defendant, Danny Brent Heinz, of violating section 42-2-206, C.R.S. 1973 (driving after revocation). We reverse the ruling of the district court and remand with directions to reinstate the charges against the defendant for violating section 42-2-206, C.R.S. 1973.

An automobile driven by the defendant was stopped by a police officer for speeding, and the defendant was charged with driving under the influence of intoxicating liquors (section 42-4-1202, C.R.S. 1973 (1976 Supp.)). At the time the charge was made, the defendant had accumulated three prior convictions within a period of seven years for three separate alcohol-related traffic offenses.

The record of the defendant for alcohol-related traffic offenses caused him to be charged in the district court with driving after revocation (section 42-2-206, C.R.S. 1973), as well as with driving under the influence of intoxicating liquors (section 42-4-1202, C.R.S. 1973 (1976 Supp.)). Driving after revocation is a class 5 felony (section 42-2-206, C.R.S. 1973).

The defendant, as a result of his three prior alcohol-related convictions, obtained an administrative hearing before the Motor Vehicle Department, pursuant to section 42-2-122(1)(i), C.R.S. 1973, and was found to be an habitual offender (section 42-2-206, C.R.S. 1973). The defendant, after a full hearing, was barred from operating a motor vehicle for a period of five years. The period of revocation was until December 10, 1981, and at the time the hearing was held, the defendant was advised that he could not drive for five years and that if he did, he would subject himself to felony prosecution. At the time defendant was charged with drunk driving, his period of revocation was still in effect.

Following the determination by the Motor Vehicle Department, responsibility under section 42-2-206, C.R.S. 1973, attaches when the condition subsequent occurs, to-wit: the operation of a motor vehicle during the five-year period of suspension.

The issues before us center on the motion to dismiss, which the district court granted, directed at the habitual traffic offender count. The grounds for dismissal were that the defendant's last alcohol-related traffic offense had a defective providency hearing. The defendant contended that when he pled guilty to the third alcohol-related offense, the providency hearing failed to include the warning that his guilty plea could cause future criminal liability and prosecution as an habitual traffic offender. The extent of the Crim. P. 11 providency hearing was in issue in the district court, and evidence was taken to establish what had occurred at the

providency hearing, because no transcript was available. In our view, no warning of the type urged by the defendant was necessary, and for that reason, the trial judge's finding that no warning was given has no significance. The district court's conclusion that the defendant "was not fully advised of the consequences of his plea when he pled guilty to the third alcohol-related offense" was used as a foundation for the court's ruling that the third conviction was constitutionally infirm and could not be used for the purpose of subjecting the defendant to enhanced punishment. The third conviction was suppressed by the district court and was declared to be unavailable for use as a predicate for conviction of the charge of driving after judgment prohibited (section 42-2-206, C.R.S. 1973).

Crim. P. 11 provides, in pertinent part:

"(b) *Pleas of Guilty and Nolo Contendere.* The court shall not accept a plea of guilty or a plea of nolo contendere without first determining that the defendant has been advised of all the rights set forth in Rule 5(a)(2) and also determining:

. . . . .

"(4) That he understands the possible penalty or penalties . . . ."

In *Kercheval v. United States,* 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927), the United States Supreme Court stated:

"Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences."

*See also Boykin v. Alabama,* 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Henderson v. Morgan,* 426 U.S. 637, 650, 96 S.Ct. 2253, 49 L.Ed.2d 108 (White, J., concurring) (1976); Erickson, *The Finality of a Plea of Guilty,* 48 Notre Dame Law. 835 (1973).

It is well established that a conviction obtained in violation of a defendant's constitutional rights cannot be used in a later proceeding to support the imposition of statutory liabilities. *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); *Swift v. People,* 174 Colo. 259, 488 P.2d 80 (1971); *People v. Gonzales,* 38 Colo. App. 522, 565 P.2d 945 (1977). A conviction based on a plea accepted in violation of Crim. P. 11 is also infirm for that purpose. *People v. Canino,* 181 Colo. 207, 508 P.2d 1273 (1973). However, we cannot accept the conclusion of the district court that the guilty plea which served as the basis for defendant's third prior conviction was obtained in violation of either Crim. P. 11 or the United States Constitution.

The defendant is correct in his assertion that his third conviction made him subject to enhanced punishment under section 42-2-206. However, that fact does not mean that his attainment of habitual traffic offender status was either a "consequence," as that word has been interpreted in numerous cases, or a "penalty," within the meaning of Crim. P. 11. *Boykin v. Alabama, supra; Henderson v. Morgan, supra;*

*Kercheval v. United States, supra.* The judge who accepts a plea of guilty is required to inform the defendant only of those consequences which have "a definite, immediate and largely automatic effect on the range of [a defendant's] punishment." *Cuthrell v. Director,* 475 F.2d 1364 (4th Cir. 1973); *see also Bell v. North Carolina,* 576 F.2d 564 (4th Cir. 1978).

■ At the time defendant entered a plea of guilty which brought about his third conviction, the enhanced punishment with which he is now faced was contingent upon his future conduct. The trial judge who accepted that plea was not required to advise defendant of his continuing duty to act as a law-abiding citizen. *Russell v. District Court,* 191 Colo. 298, 552 P.2d 297 (1976). We note also that neither the American Law Institute *Model Code of Pre-Arraignment Procedure, see* § 350.4 and comments thereto (1975), the American Bar Association *Standards Relating to Pleas of Guilty,* 14-1.4 (Approved Draft, 1978), nor the American Bar Association *Standards Relating to The Function of The Trial Judge,* 6-4.2 (Approved Draft, 1978), require that a defendant be informed of the possible future application of habitual offender laws.

■ Accordingly, the order of the district court dismissing the driving while judgment prohibited charge is reversed, and the case is remanded with directions to reinstate the charge of driving after judgment prohibited.