### No. 79SA432

### The People of the State of Colorado v. Patrick H. Able

(618 P.2d 1110)

Decided June 16, 1980.                              Rehearing denied July 7, 1980.

Paul Q. Beacom, District Attorney, Marc P. Mishkin, deputy, for plaintiff-appellant.

Robert W. Caddes, for defendant-appellee.

*En Banc.*

JUSTICE ROVIRA delivered the opinion of the Court.

The People seek reversal of a decision of the district court dismissing an information charging the appellee with operating a motor vehicle while under the revocation as a habitual traffic offender. We reverse and remand with directions to reinstate the information.

The relevant facts of this case are not in dispute. On December 18, 1975, the Department of Revenue held a hearing pursuant to section 42-2-203, C.R.S. 1973, at which time the department's hearing officer found that the appellee had driving convictions sufficient to justify the entry of

an order revoking his driver's license for five years. One of the convictions was based on a municipal ordinance prohibiting reckless driving. No appeal of the revocation order was taken pursuant to section 42-2-204, C.R.S. 1973.

On February 20, 1979, the appellee was arrested and charged with operating a motor vehicle while under the revocation as a habitual traffic offender. Section 42-2-206, C.R.S. 1973.

At a preliminary hearing in the county court, the parties stipulated as to the 1975 order of revocation, the driving by the appellee on February 20, 1979, and the appellee's awareness of the order of revocation. The appellee moved to dismiss the complaint on the grounds that the hearing officer had improperly considered the municipal conviction for reckless driving at the 1975 revocation hearing.

The county court dismissed the complaint on the grounds that the municipal reckless driving conviction should not have been considered by the hearing officer and, therefore, the order of revocation was void.

The People then filed an information in the district court charging the same offense. The appellee renewed his motion to dismiss, which was granted on the grounds that the 1975 order of revocation was void. The district court held that the legislature, by not specifically including reckless driving among the traffic offenses enumerated in section 42-2-202(2)(b), C.R.S. 1973, had "excluded a municipal reckless driving conviction from consideration by the Department of Revenue for the purpose of habitual offender revocation."

The People do not dispute, for the purpose of this proceeding, the appellee's contention that the hearing officer should not have considered the appellee's municipal reckless driving conviction. The position of the People is that: (a) the Department of Revenue had the power and jurisdiction to revoke the appellee's driver's license; (b) a mistake as to the nature of an underlying conviction or an incorrect application of the habitual traffic offender statute amounts to no more than an error of law; (c) section 42-2-204, C.R.S. 1973, provides for direct appeal of an order of revocation, and the appellee was aware of his rights under section 42-2-204; (d) public policy and expressed legislative intent preclude collateral attack on a driver's status adjudication during a subsequent criminal proceeding for driving under revocation as a habitual traffic offender.

A revocation proceeding under section 42-2-203, C.R.S. 1973, is not a criminal proceeding. Its purposes are to deny the privilege of operating a motor vehicle to those persons who have demonstrated by their conduct and record an indifference to the safety and welfare of others and to impose an "increased and added deprivation of the privilege to operate motor vehicles upon habitual offenders who have been convicted repeatedly of violations of the traffic laws." Section 42-2-201, C.R.S. 1973. In a revocation proceeding, no fines are imposed and no loss of liberty is

involved. The results of an adjudication as a habitual offender are the revocation of a person's driver's license and an order prohibiting operation of a motor vehicle in this state for a period of five years.

■ We agree with the People's contention that, in the criminal proceeding brought under section 42-2-206, C.R.S. 1973, the appellee was not entitled to collaterally attack the 1975 order revoking his driver's license on the basis that, in entering that order, the hearing officer had improperly considered a municipal reckless driving conviction.

■ Collateral attack on the 1975 order of revocation would be justified only in two circumstances. First, collateral attack could be maintained if the order were void, rather than merely erroneous or voidable, because the department had in 1975 lacked jurisdiction over the person or the subject matter. *Estate of Bonfils v. Davis,* 190 Colo. 70, 543 P.2d 701 (1976); *McLeod v. Provident Mutual Life Insurance Company of Philadelphia,* 186 Colo. 234, 526 P.2d 1318 (1974); *Davidson Chevrolet v. City and County of Denver,* 138 Colo. 171, 330 P.2d 1116 (1958). Second, the appellee would be entitled to collaterally attack the 1975 revocation order had it been based on "a conviction obtained in violation of [his] . . . constitutional rights". *People v. Heinz,* 197 Colo. 102, _____, 589 P.2d 931, 933 (1979). In this case, however, the department clearly had jurisdiction over the person of the appellee and over the subject matter of license revocations for habitual traffic offenders, and, with respect to the 1975 administrative proceeding, the appellee has raised no issues of constitutional dimension.

■ When an administrative agency has jurisdiction over the person and subject matter in question, and when the agency is not proceeding contrary to the requirements of the state or federal constitution, the fact that the agency's order is erroneously or improvidently granted does not justify failure to obey the order. The appellee did not challenge the revocation of his driver's license until after he had been arrested for driving after revocation. He had the duty to comply with the order of revocation until it was rescinded pursuant to a direct appeal rather than a collateral attack.

The judgment of the district court is reversed, and the case is remanded with directions to reinstate the information.