### The PEOPLE of the State of Colorado, Petitioner,

v.

### The DISTRICT COURT of the SEVENTEENTH JUDICIAL DISTRICT and the Honorable Harlan R. Bockman, One of the Judges Thereof, Respondents.

### No. 80SA521.

Supreme Court of Colorado, En Banc.

Feb. 9, 1981.

Paul Q. Beacom, Dist. Atty., Marc P. Mishkin, Deputy Dist. Atty., Brighton, for petitioner.

Robert W. Caddes, Denver, for respondents.

LOHR, Justice.

We issued a rule under C.A.R. 21 directing the respondent district court to show cause why it should not be prohibited from admitting certain evidence which the defendant, Patrick Able, proposes to offer during his pending trial on the criminal charge of operating a motor vehicle while under revocation as an habitual traffic offender, section 42–2–206, C.R.S.1973. We now make that rule absolute.

7. Treble the $165 illegally withheld.

A sketch of the history of this case is necessary to an understanding of the issue before us. The defendant's driver's license was revoked pursuant to section 42–2–203, C.R.S.1973, as the result of an administrative hearing held by the Department of Revenue. The revocation was based upon a finding by the hearing officer that the defendant was an habitual traffic offender because he had sustained three driving convictions within a seven-year period. *See* section 42–2–202, C.R.S.1973. One of the driving convictions relied upon was based on a municipal ordinance prohibiting reckless driving.[1] The defendant did not appeal from the revocation order, as he could have done pursuant to section 42–2–204, C.R.S. 1973.

Thereafter, the defendant was arrested and charged in county court with operating a motor vehicle while under revocation as an habitual traffic offender, section 42–2–206, C.R.S.1973. He moved to dismiss the charge on the basis that the Department of Revenue hearing officer should not have considered the municipal ordinance violation. The defendant reasoned that the hearing officer's improper reliance on that violation to support revocation of the defendant's driver's license made the order revoking his license void. The county court was persuaded and dismissed the charge.

The People then filed an information in the district court charging the defendant with the same offense. He again successfully moved to dismiss on the same grounds urged in the county court.

The People appealed from the district court's judgment of dismissal, and we reversed and remanded the case to that court with instructions to reinstate the information. *People v. Able*, Colo., 618 P.2d 1110 (1980). There we held that, in a trial for violation of section 42–2–206, C.R.S.1973, the defendant could not collaterally attack the order of revocation on any bases other than lack of jurisdiction or a violation of constitutional protections in the proceeding upon which the order was based.

After the information had been reinstated, the defendant moved for an in limine hearing on certain objections and defenses, all of which challenged the Department of Revenue's order revoking his driver's license. Although cast in the form of alleged violations of provisions of the United States and Colorado Constitutions and lack of jurisdiction, the defendant's arguments are bottomed on the single contention that reliance on the municipal ordinance violation makes the order revoking his driver's license void, or at least voidable, and subject to collateral attack.[2]

At the hearing on the defendant's motion in limine the defendant expressed the intent to offer at his trial an affidavit of the director of the Motor Vehicle Division of the Department of Revenue reflecting that revocation of his driver's license was based upon erroneous consideration of the municipal ordinance violation and expressing the opinion that the order of revocation is a nullity for that reason. The trial court concluded that evidence of the mistake underlying the order of revocation could be introduced, ruling as follows:

"At this point I am going to allow the jury to have the evidence as to what facts were or were not before the Department of Revenue when they made their order, especially based upon the Affidavit presented today by the Department of Revenue, indicating that they entered whatever order by mistake. Under those circumstances, I will allow the Department of Revenue representative, if that's honestly his opinion, to set forth what is

---

1. All parties agree for the purpose of this proceeding, and for reasons which we do not explore, that the municipal ordinance violation in question is not the type of conviction upon which habitual traffic offender status can be predicated. *See* section 42–2–202, C.R.S.1973.

2. Among the defendant's contentions are that legal error in considering the municipal ordinance violation makes the license revocation order void and that a charge based on violation of that order does not charge an offense or subject the defendant to jurisdiction; that the revocation order violates due process of law; and that a statutory penalty based on known mistake of fact constitutes cruel and unusual punishment.

the position of the Department of Revenue."

The trial court also ruled, on the basis of lack of relevance, that the People would not be permitted to introduce evidence that, if the error in consideration of the municipal ordinance violation had been raised in the proceeding before the hearing officer, the People could have produced evidence of another traffic conviction sustained by the defendant which would have been sufficient to support the order of the hearing officer.

The People seek relief in the nature of prohibition in this court to prevent implementation of the trial court's order permitting evidence collaterally attacking the validity of the order of revocation of the defendant's driver's license to be introduced at trial.

## I.

■ We first consider the appropriateness of exercise of our original jurisdiction in this matter under C.A.R. 21.

It is implicit in the trial court's ruling that the jury will be permitted to consider whether the order of revocation of the defendant's driver's license is valid. This is the only purpose for which the evidence in issue here would be relevant. If the jury is permitted to acquit the defendant on the basis that the order of revocation is invalid,

the defendant would have been in jeopardy and could not be retried,[3] although the People could challenge the trial court's ruling on appeal. See section 16–12–102, C.R.S. 1973 (now in 1978 Repl.Vol. 8). Moreover, the permissibility of collateral attack on the order of revocation here in question was considered and ruled on by us in *People v. Able, supra*, in a manner consistent with the People's position here. Because we conclude that the trial court abused its discretion[4] and appellate remedies are inadequate, we exercise our original jurisdiction under C.A.R. 21. See, e. g., *Varner v. District Court*, Colo., 618 P.2d 1388 (1980); *Chicago Cutlery Co. v. District Court*, 194 Colo. 10, 568 P.2d 464 (1977); *Tyler v. District Court*, 193 Colo. 31, 561 P.2d 1260 (1977); *Vaughn v. District Court*, 192 Colo. 348, 559 P.2d 222 (1977); *People v. District Court*, 183 Colo. 101, 515 P.2d 101 (1973).

## II.

■ Our ruling in *People v. Able, supra*, in this very case is dispositive of this matter. There we explicitly held as follows:

"We agree with the People's contention that, in the criminal proceeding brought under section 42–2–206, C.R.S.1973, the appellee was not entitled to collaterally attack the 1975 order revoking his driv-

3. See U.S.Const. Amend. V; Colo.Const. Art. II, § 18.

4. The court apparently perceived the district attorney's decision to prosecute this case as unjust, making the following comments:

"What bothers me is going forward with the prosecution, when the Department of Motor Vehicle Director says that the order should not have been entered and this person should not have been declared a Habitual Traffic Offender. As I say, based upon the June 16 determination by the Supreme Court of Colorado, I will not dismiss the case. I further feel, that if you want to go forward with the prosecution, I guess there's no way this Court can stop you."

The discretion whether to prosecute the charge rests with the district attorney, not with the trial court. *People v. Dennis*, 164 Colo. 163, 433 P.2d 339 (1967); *People v. Zobel*, 54 Colo. 284, 130 P. 837 (1913); see 1 *A. B. A. Standards for Criminal Justice, The Prosecution Function*,

3–3.4 (2d Ed. 1980); cf. *Tooley v. District Court*, 190 Colo. 468, 549 P.2d 772 (1976) (district judge cannot substitute his judgment or discretion for that of the district attorney, who decided not to press charges, in the absence of clear and convincing evidence that the district attorney's decision was "arbitrary or capricious and without reasonable excuse," under section 16–5–209, C.R.S.1973 (now in 1978 Repl.Vol. 8)). The trial court cannot dismiss a charge on its own motion over the objection of the district attorney and prior to trial. See *People v. Worsley*, 191 Colo. 351, 553 P.2d 73 (1976); *People v. Dennis, supra; People v. Zobel, supra*. But the trial court has discretionary authority in ruling on a motion by a district attorney to dismiss a charge. Crim.P. 48(a); see *People v. District Court*, 196 Colo. 420, 586 P.2d 1329 (1978); *Turner v. District Court*, 188 Colo. 146, 533 P.2d 498 (1975); *People v. Dennis, supra*.

er's license on the basis that, in entering that order, the hearing officer had improperly considered a municipal reckless driving conviction."

618 P.2d at 1112. The defendant's arguments, though variously framed, all have their source in the proposition that the order of revocation was erroneously entered because the municipal ordinance violation should not have been considered. We answered this argument in *People v. Able, supra*, in the following manner:

"When an administrative agency has jurisdiction over the person and subject matter in question, and when the agency is not proceeding contrary to the requirements of the state or federal constitution, the fact that the agency's order is erroneously or improvidently granted does not justify failure to obey the order. The appellee did not challenge the revocation of his driver's license until after he had been arrested for driving after revocation. He had the duty to comply with the order of revocation until it was rescinded pursuant to a direct appeal rather than a collateral attack."

618 P.2d at 1113. *See People v. Roybal*, Colo., 617 P.2d 800 (1980); *People v. Roybal*, Colo., 618 P.2d 1121 (1980); *People v. McKnight*, Colo., 617 P.2d 1178 (1980); *People v. Heinz*, 197 Colo. 102, 589 P.2d 931 (1979). The error in considering the municipal ordinance violation was not of constitutional magnitude and did not impair the jurisdiction of the agency over the subject matter or over the person of the defendant. We specifically so concluded in *People v. Able, supra*. The defendant could have appealed from the order of revocation, but he did not. *See* section 42–2–204, C.R.S.1973. The defendant has presented nothing which would alter our decision or our reasoning in *People v. Able, supra*, in any way.

The rule to show cause is made absolute.