**Clinton Dale REASONER,
Plaintiff-Appellee,**

v.

**DEPARTMENT OF REVENUE, MOTOR
VEHICLE DEPARTMENT,
Defendant-Appellant.**

**No. 80CA0912.**

Colorado Court of Appeals,
Division II.

April 16, 1981.

No appearance for plaintiff-appellee.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Richard H. Forman, Asst. Atty. Gen., Denver, for defendant-appellant.

KELLY, Judge.

The Department of Revenue appeals the judgment of the district court reversing the revocation of appellee's driver's license under § 42–2–122(1)(g), C.R.S.1973, for being twice convicted of driving while under the influence within a five-year period, as well as under the habitual traffic offender statute, §§ 42–2–202 and 42–2–203, C.R.S.1973. The Department argues that the district court should not have permitted appellee to attack the validity of the underlying traffic offense conviction. We agree and therefore reverse.

 A driver may collaterally attack the constitutionality of an underlying conviction which forms the basis for the determination that he is an habitual traffic offender. *See People v. Roybal*, Colo., 618 P.2d 1121 (1980); *People v. Heinz*, 197 Colo. 102, 589 P.2d 931 (1979).

> "In order to assert the constitutional invalidity of a traffic offense conviction, a defendant must make a prima facie showing of invalidity; the People must then prove the conviction was obtained in a manner consistent with the defendant's constitutional rights." *People v. DeLeon*, Colo., 625 P.2d 1010 (No. 80SA97, announced March 12, 1981).

Here, appellee did not make a prima facie showing of constitutional invalidity. At the administrative hearing, appellee testified that he had not been convicted of one offense which appeared on his driving history record, and that, as to another offense, he entered a guilty plea without having been advised as to the number of points to be assessed. *See People v. Heinz, supra.* This testimony is insufficient to bring into question the constitutionality of the underlying convictions.

In view of our conclusions, we need not address appellant's other assignments of error.

The judgment of the district court is reversed, and the cause is remanded with directions to reinstate the revocation.

PIERCE and VAN CISE, JJ., concur.