The **PEOPLE of the State of Colorado,**
**Plaintiff-Appellant,**

v.

**David W. ROCHA, Defendant-Appellee.**

No. 82SA168.

Supreme Court of Colorado.

Sept. 13, 1982.

James M. Smith, Denver, for petitioner.

No appearance for respondent.

Paul Q. Beacom, Dist. Atty., Steven Bernard, Chief Trial Deputy Dist. Atty., Brighton, for plaintiff-appellant.

Daniel, McCain & Brown, T. William Wallace, Brighton, for defendant-appellee.

ERICKSON, Justice.

This is an interlocutory appeal by the prosecution pursuant to C.A.R. 4.1 from a district court ruling that granted the defendant's motion to suppress. We affirm the ruling of the district court.

The defendant, David Rocha, was charged with driving after judgment prohibited. Section 42-2-206, C.R.S.1973 (habitual traffic offender). Thereafter, through counsel, he moved to suppress the evidence offered to support the Colorado Department of Revenue Motor Vehicle Division's (Motor Vehicle Division) finding that the defendant had been convicted of ten or more separate and distinct offenses involving moving violations which provide for an assessment of four or more points each within any five-year period or portion thereof.

The findings of the Motor Vehicle Division caused the defendant to be a habitual traffic offender. Specifically, the defendant sought to suppress his convictions in the Brighton, Colorado Municipal Court arising from pleas of guilty which he entered to eight traffic offenses and to guilty pleas entered on four Colorado State Patrol penalty assessment offenses. He asserted that these convictions were unconstitutional because he was not advised of his constitutional rights before he pled guilty and paid the fines imposed, and because he was not represented by counsel in the cases before the Brighton, Colorado Municipal Court. He also contended that he did not knowingly or voluntarily and specifically waive his right to counsel in the cases before the Brighton Municipal Court, and that the convictions could not be used to support the habitual traffic offender charge.

The trial court took evidence relating to the traffic offenses which supported the habitual traffic offender charge, heard the defendant's testimony relating to the factual issue of advisement of the right to counsel, and concluded and found, based on *People v. Hampton,* Colo., 619 P.2d 48 (1980), that the defendant's motion to suppress should be granted. All of the traffic offenses which supported the habitual traffic offender charge arose out of pleas of guilty. The prosecution offered no evidence to refute the defense evidence which consisted of the defendant's testimony, the record establishing the traffic offenses, the defendant's guilty pleas, and the fines paid.

No evidence appears in the record to establish that the defendant was either advised of his right to counsel or waived that right. Accordingly, the findings of fact of the trial court which provided the basis for upholding the defendant's motion to suppress must be honored. We said in *People v. Hampton, supra:*

"Absent a valid waiver of the right to counsel, a conviction obtained against a defendant who is not represented by counsel may not be used to establish habitual traffic offender status for the purpose of imposing punishment for Driving After Judgment Prohibited. This rule applies even though the prior conviction resulted from a plea of guilty and involved no actual imprisonment. At least with respect to the convictions resulting from court appearances, this case falls squarely within the holding of *People v. Roybal,* Colo., 618 P.2d 1121 (1980). As in that case, the convictions here were punishable by a sentence to jail.... Therefore, our construction of the Driving After Judgment Prohibited statute in *Roybal* to conform to the prohibition of *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), against collateral use of uncounseled convictions applies with full force in the present case." (Citations omitted.)

It is implicit from the trial court's findings and conclusions that the defendant was not advised of his Sixth Amendment constitutional right to counsel. The sole testimony before the court was that offered by the defendant and it supports the trial's court findings.

Accordingly, we affirm the ruling of the trial court.