The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

David Wayne ROCHA,
Defendant-Appellee.

No. 83SA5.

Supreme Court of Colorado,
En Banc.

Sept. 26, 1983.

See also 650 P.2d 569.

Paul Q. Beacom, Dist. Atty., Steven L. Bernard, Chief Trial Deputy Dist. Atty., Brighton, for plaintiff-appellant.

Daniel, McCain & Brown, T. William Wallace, Brighton, for defendant-appellee.

KIRSHBAUM, Justice.

The People appeal the trial court's order requiring the Colorado Department of Revenue Motor Vehicle Division (the Division) to reverse an administrative determination that defendant was an habitual traffic offender. We reverse.

On January 12, 1981, pursuant to section 42–2–203, C.R.S.1973,[1] the Division declared defendant to be an habitual traffic offender and revoked his privilege to operate a motor vehicle in Colorado for a period of five years. Defendant did not seek judicial review of this administrative determination, which was based on a finding that he previously had been convicted of over ten separate traffic offenses.

In October 1981, the People initiated this criminal proceeding by filing an information alleging that defendant had violated section 42–2–206(1), C.R.S.1973 (1982 Cum.

---

1. Section 42–2–203 states as follows:

"The department has the authority to revoke the license of any person whose record brings him within the definition of an habitual offender in section 42–2–202; except that the hearing procedure, as specified in section 42–2–123(7) to (12) shall be employed prior to any such revocation."

Section 42–2–202(3), C.R.S.1973, states in pertinent part as follows:

"A person is . . . an habitual offender if he has, within any five-year period or portion thereof, ten or more convictions of separate and distinct offenses involving moving violations which provide for an assessment of four or more points each. . . ."

Supp.) (driving after judgment prohibited).[2] In March 1982, a hearing was held to determine the merits of a motion filed by defendant which requested the trial court to suppress any evidence offered by the People to support the Division's 1981 judgment and to obtain an order requiring the Division to vacate that judgment. The trial court granted both requests. The People then filed an interlocutory appeal with this court pursuant to C.A.R. 4.1, challenging that portion of the trial court's order which suppressed evidence. *See People v. Lindsey,* 660 P.2d 502 (Colo.1983). This court approved the trial court's evidentiary ruling in *People v. Rocha,* 650 P.2d 569 (Colo.1982).

In November 1982, subsequent to the issuance of the mandate in *People v. Rocha, supra,* the People filed a motion requesting the trial court to vacate that portion of its order which required the Division to withdraw the 1981 administrative determination of defendant's habitual traffic offender status. The motion was denied on November 19, 1982. On November 24, 1982, defendant entered guilty pleas to the offenses of driving while license suspended, in violation of section 42–2–130, C.R.S.1973 (1982 Cum. Supp.), and obstructing a police officer, in violation of section 18–8–104, C.R.S.1973 (1978 Repl.Vol. 8). The People then instituted this appeal, pursuant to section 16–12–102, C.R.S.1973 (1978 Repl.Vol. 8). Contrary to defendant's argument, the People's appeal was timely filed. *See* Crim.P. 32(c); C.A.R. 4(b).

Section 42–2–204, C.R.S.1973, recognizes that an "appeal" from administrative decisions entered pursuant to section 42–2–203 may be taken "as provided in section 42–2–127." Section 42–2–127, C.R.S.1973, authorizes "judicial review in accordance with section 24–4–106, C.R.S.1973 . . . ." Therefore, defendant was entitled to seek judicial review of the Division's January 12, 1981 administrative ruling pursuant to section 24–4–106 of the State Administrative Procedure Act. *People v. District Court,* 200 Colo. 65, 612 P.2d 87 (1980). Fundamental to the statutory scheme provided by this statute for judicial review of decisions of various administrative agencies is the requirement that the agency authoring a challenged decision be made a party to such adjudicatory proceeding. Defendant did not seek judicial review of the Division's January 12, 1981 order, and the Division has not been made a party to any post-administrative hearing proceedings challenging that decision.

 In the course of defending against allegations of criminal conduct in proceedings instituted under section 42–2–206(1), a defendant may attack the constitutionality of any traffic offense conviction underlying a prior administrative determination of habitual traffic offender status. *State v. Laughlin,* 634 P.2d 49 (Colo.1981); *People v. DeLeon,* 625 P.2d 1010 (Colo.1981); *People v. Roybal,* 618 P.2d 1121 (Colo.1980); *People v. Heinz,* 197 Colo. 102, 589 P.2d 931 (1979). This rule of law is based on the principle that convictions obtained in violation of constitutionally protected rights may not be used to establish guilt or to enhance penal sanctions in later criminal proceedings. *People v. Hampton,* 619 P.2d 48 (Colo.1980); *People v. Roybal, supra.* *See Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). However, a defendant's right in the context of criminal proceedings to demonstrate the constitutional invalidity of a prior judicial determination of guilt does not include the right to obtain judicial review in such criminal proceeding of a prior administrative decision affecting defendant's status in other contexts.

 In this case, the information invoked the jurisdiction of the trial court for

2. Section 42–2–206(1) states in pertinent part as follows:

"It is unlawful for any person to operate any motor vehicle in this state while the revocation of the department prohibiting the operation remains in effect. Any person found to be an habitual offender, who is thereafter convicted of operating a motor vehicle in this state while the revocation of the department prohibiting such operation is in effect, is guilty of a class 5 felony."

the purpose of conducting criminal proceedings against defendant. *See Leuthold v. Camp,* 273 F.Supp. 695 (D.Mont.1967); *United States v. Jones,* 119 F.Supp. 288 (S.D.Cal.1954). The administrative proceeding previously conducted by the Division to consider defendant's eligibility to retain a license to operate a motor vehicle in Colorado was civil in nature. *People v. Able,* 200 Colo. 115, 618 P.2d 1110 (1980). We conclude that the right to defend against charges of criminal conduct by collaterally attacking a conviction underlying an administrative determination of habitual traffic offender status does not permit a defendant who has bypassed the procedures established by the General Assembly for judicial review of such administrative decision to obtain the equivalent of such review by requesting the trial court to vacate the agency's order. Thus, the trial court erred in requiring the Division to vacate its administrative order determining defendant to be an habitual traffic offender.[3]

The order of the trial court is reversed.

---

**3.** As a result of this conclusion, we do not address defendant's assertion that the Division can never utilize traffic offense convictions obtained in violation of constitutionally protected rights to support a determination of habitual traffic offender status in the civil proceeding authorized by § 42–2–203.