**W.C. WILSON, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

No. 85SC311.

Supreme Court of Colorado, En Banc.

Sept. 8, 1987.

Rehearing Denied Oct. 5, 1987.

David F. Vela, Colorado State Public Defender, Peggy O'Leary, Deputy State Public Defender, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Appellate Section, Eric Perryman, Asst. Atty. Gen., Appellate Section, Denver, for respondent.

MULLARKEY, Justice.

We granted certiorari to review whether a defendant can collaterally attack prior uncounseled speeding convictions at a trial for driving after judgment prohibited despite his failure to raise the issue during driving under suspension (DUS) proceedings based on such speeding convictions and his entry of valid guilty pleas to the DUS charges. We hold that he cannot and affirm the judgment of the Court of Appeals, 709 P.2d 29.

### I.

In 1978, when he was seventeen years old, the defendant pled guilty to two speeding violations and accumulated seven points on his license. As a result, the defendant's license was suspended on December 27, 1978, under section 42–2–123, 17 C.R.S. (1984), which gives the Department of Motor Vehicles the authority to suspend the license of a minor who has accumulated more than four points within any twelve consecutive months.[1] The record is undisputed that on neither of the speeding tickets was the defendant advised of his rights nor was he advised or represented by counsel before pleading guilty.

The defendant was subsequently convicted three times of DUS under section 42–2–130(1)(a), 17 C.R.S. (1984) by pleading guilty on May 2, 1980, November 21, 1980, and December 8, 1980.[2] On each occasion he was represented by counsel or waived his right to counsel. On the last two convictions an attorney appeared in court on behalf of the defendant while on the May 2 conviction the defendant consulted an attorney by phone the morning of the hear-

---

1. Section 42–2–123(1)(a), 17 C.R.S. (1984) states in relevant part:

   The department has the authority to suspend the license of any [minor] driver who, in accordance with the schedule of points set forth in this section ... has accumulated more than four points within any twelve consecutive months or more than six points within the time period for which the license was issued....

2. Section 42–2–130(1), 17 C.R.S. (1984) states in relevant part:

   (a) Any person who drives a motor vehicle upon any highway of this state at a time when his driver's, minor driver's, or provisional driver's license or driving privilege, either as a resident or a nonresident, is denied, suspended, or revoked for any reason other than conviction of an alcohol-related driving offense pursuant to section 42–4–1202(1) or (1.5) is guilty of a misdemeanor and, upon conviction thereof, shall be punished by imprisonment in the county jail for not less than five days nor more than six months, and, in the discretion of the court, a fine of not less than fifty dollars nor more than five hundred dollars may be imposed. The minimum sentence imposed by this paragraph (a) shall be mandatory....

   (b) Upon a second or subsequent conviction under paragraph (a) of this subsection (1) within five years after the first conviction thereunder, in addition to the penalty prescribed in said paragraph (a) of this subsection (1), the defendant shall not be eligible to be issued a driver's, minor driver's, or provisional driver's license or extended any driving privilege in this state for a period of three years after such second or subsequent conviction.

ing and was advised to plead guilty. The defendant did not contest the validity of the underlying speeding convictions during these proceedings. None of the DUS convictions was appealed.

As a result of the three DUS convictions, the Division of Motor Vehicles found the defendant to be an habitual traffic offender, under section 42–2–202(2)(a)(III), 17 C.R.S. (1984), and his license was revoked for five years under section 42–2–203, 17 C.R.S. (1984).[3] The defendant attended the revocation hearing and, prior to the hearing, he consulted the attorney who had represented him on two of the previous DUS convictions.

On May 14, 1982, the defendant was stopped for driving with faulty brake lights on his trailer. On June 10, 1983, after a trial to the court, he was convicted of driving after judgment prohibited in violation of section 42–2–206(1), 17 C.R.S. (1984),[4] which is a class 5 felony carrying a one to two year presumptive sentence and an additional year of parole, under section 18–1–105(1)(a)(I), 8B C.R.S. (1986). The defendant appealed his felony conviction alleging, *inter alia*, that the trial court erred in disallowing a collateral attack on the validity of the underlying speeding convictions, which led to the three DUS convictions, which in turn formed the basis of his habitual traffic offender status and the revocation of his license. The Court of Appeals affirmed and we granted certiorari to review this issue.

**3.** Section 42–2–202(2)(a)(III), 17 C.R.S. (1984) states in relevant part:

(2)(a) An habitual offender is one having, within such seven-year period or portion thereof, three or more convictions of any of the following separate and distinct offenses arising out of separate acts:

. . . . .

(III) Operating a motor vehicle while his license or privilege to drive a motor vehicle has been suspended or revoked, in violation of section 42–2–130. . . .

**4.** Section 42–2–206(1), 17 C.R.S. (1984) states in relevant part:

It is unlawful for any person to operate any motor vehicle in this state while the revocation of the department prohibiting the operation remains in effect. Any person found to be an habitual offender, who is thereafter convicted of operating a motor vehicle in this

## II.

A defendant in Colorado in a trial for driving after judgment prohibited may collaterally attack the traffic convictions which formed the basis for his conviction as an habitual traffic offender.

We conclude that the Driving After Judgment Prohibited statute must be construed to prohibit use of a conviction obtained without benefit or waiver of counsel as a part of the foundation for the sentence of imprisonment which is mandated for violation of that statute. (Citation omitted.) This conclusion is not affected by the fact that no imprisonment may have been imposed for the prior conviction.

*People v. Roybal,* 618 P.2d 1121, 1126 (Colo.1980). We ruled in *Roybal* that the right to collaterally attack the prior convictions was available regardless of whether the defendant had a right to counsel in the prior traffic offense proceedings. First, in the absence of a clear expression of legislative intent authorizing the use of prior uncounseled traffic offense convictions in subsequent criminal prosecutions the rule of lenity requiring criminal statutes to be construed in favor of the accused allows criminal defendants to challenge the prior convictions. *Id.* Second, convictions obtained in violation of the right to counsel are "not sufficiently reliable to support the severe sanction of deprivation of liberty." *Id.* at 1126.

state while the revocation of the department prohibiting such operation is in effect, is guilty of a class 5 felony. No portion of such sentence may be suspended, and no probation may be granted; except that, in a case where the defendant establishes that he had to drive the motor vehicle in violation of this subsection (1) because of an emergency, the mandatory prison sentence may not apply, or, where the judge makes specific written findings which detail specific mitigating circumstances in the record that support a lesser sentence, the mandatory prison sentence and the prohibition against the granting of probation shall not apply.

Section 42–2–206 was amended after the defendant was charged to change the name of the offense to driving after revocation prohibited.

In *People v. Hampton*, 619 P.2d 48 (Colo.1980), this court extended its ruling in *Roybal* to include convictions obtained where the defendant admitted the guilt of the traffic offenses and paid his fine without any court appearance. The defendant in *Hampton* was found to be an habitual traffic offender under section 42-2-202(3), 17 C.R.S. (1984) on the basis of ten or more moving violations, each of which carried a penalty point assessment of four or more points, within a five year period.[5] We held in *Hampton* that:

> a traffic offense conviction obtained by acknowledgement of guilt and payment of a statutorily specified fine at the violations bureau may not be used to support the criminal sanctions of section 42-2-206, C.R.S. 1973, unless the person who elects the fine-payment procedure is informed that he has a right to counsel and unless he waives that right.

*Hampton*, 619 P.2d at 52.

■ Similarly, in a misdemeanor trial for driving with a suspended license, a defendant may collaterally attack the uncounseled underlying convictions. *People v. Gandy*, 685 P.2d 165 (Colo.1984). This court in *Gandy* refused to limit the right to collateral attack of the underlying convictions to felonies because the misdemeanor charge of driving under a suspended license carried a mandatory minimum jail sentence.

### III.

Before applying these principles to the case at hand it is important to understand clearly the procedural point at which the defendant seeks to assert his right to collaterally attack the underlying uncounseled convictions.

*Stage 1*—Traffic offenses. These offenses form the basis for a driver's license suspension.

*Stage 2*—Driver's license suspension. § 42-2-123, 17 C.R.S. (1984 & 1986 Supp.).

*Stage 3*—Basis for habitual traffic offender status: either three serious moving violations including DUS within a seven year period, ten or more moving violations which provide for an assessment of four or more points each within a five year period, or eighteen or more moving violations which result in the assessment of points within a five year period.

*Stage 4*—Habitual Traffic Offender adjudication. § 42-2-202(2)(a)(III), 17 C.R.S. (1984).

*Stage 5*—Driving After Judgment Prohibited. § 42-2-206(1), 17 C.R.S. (1984). Basis: driving while license revoked under the habitual traffic offender statute.

A defendant may be found to be an habitual traffic offender without proceeding through stages 1 and 2, as evidenced by *Hampton*.

In *Roybal* and *Hampton* the defendant was at stage 5 challenging his stage 3 convictions. In *Gandy* the defendant was at stage 2 challenging his stage 1 convictions. In contrast, defendant Wilson is at stage 5 attempting to challenge his stage 1 convictions. The defendant wishes to attack not simply the foundation convictions for his sentence as an habitual traffic offender, he wishes to challenge the basis for the DUS convictions as well. Our prior decisions do not compel that result and we decline the defendant's invitation to extend those holdings.

■ The rationale expressed in *Roybal* for allowing a collateral attack does not apply to the instant case. First, the defendant's counseled DUS convictions rather than his uncounseled speeding convictions form the basis of the defendant's most recent conviction. Thus, the prosecution did not rely on uncounseled convictions in this case. Second, the defendant's DUS convictions do not exhibit any element of unreliability since they were obtained with the assistance of counsel. By obtaining assistance of counsel or waiving his right to counsel on the three DUS convictions, the defendant effectively waived his right

---

**5.** The defendant's ten moving traffic offenses consisted of five speeding tickets, two careless driving tickets, two disobedience to traffic signal tickets and one disobedience to stop sign ticket.

to challenge the constitutionality of the speeding violations. Presence of counsel or the valid waiver of the right to counsel satisfies the holding of *Roybal* prohibiting the use of a conviction obtained without benefit of counsel as part of the foundation for a prison sentence. Unlike the situation in *Hampton,* the speeding tickets in this case were not the foundation for defendant's status as an habitual traffic offender.

Our present holding is supported by our decision in *People v. Bernard,* 656 P.2d 695 (Colo.1983), where we upheld the validity of a prior guilty plea despite the possibility that the defendant may not have been properly advised at the time of the plea. We based this decision, in part, upon the defendant's reconfirmation, with the advice of counsel, of the earlier plea at a providency hearing related to an habitual criminal charge and stated that if the defendant "ever had a serious objection to the [earlier] plea, this fact should have been made known long before he used the plea as a tool for avoiding a more serious conviction." *Id.* at 697.

The judgment of the Court of Appeals is affirmed.