501 P.2d 479 (1972)
James Horace CAVE, Plaintiff-Appellant,
v.
COLORADO DEPARTMENT OF REVENUE, and John H. Heckers, duly appointed Executive Director of the Colorado Department of Revenue, Defendants-Appellees.
No. 71-212.
Colorado Court of Appeals, Div. I.
August 1, 1972.
Rehearing Denied August 22, 1972.
*480 P. Arthur Tague, P. C., James I. Shepard and James R. Craig, Jr., Littleton, for plaintiff-appellant.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Harold L. Neufeld and Eugene C. Cavaliere, Asst. Attys. Gen., Denver, for defendants-appellees.
Selected for Official Publication.
DWYER, Judge.
James Cave appeals from a judgment sustaining a one year suspension of his license to operate a motor vehicle upon the highways of this State by the Department of Revenue.
The Department initiated the proceedings by notifying Cave that he had accumulated a sufficient number of points for conviction of traffic violations to be subject to license suspension and ordered him to appear for a hearing to be held in accordance with C.R.S.1963, 13-4-23.
The traffic violations established at the hearing are as follows: (1) on July 15, 1970, Cave pled guilty in county court to a charge of speeding 68 m. p. h. in a 50 m. p. h. zone; (2) on October 3, 1970, Cave was issued and accepted a penalty assessment notice for speeding 50 m. p. h. in a 40 m. p. h. zone and paid the fine set forth in the notice; (3) on October 12, 1970, Cave was issued and accepted a penalty assessment notice for speeding 75 m. p. h. in a 60 m. p. h. zone and paid the fine set forth in the notice.
The state statutes provide that no person shall drive a motor vehicle unless such person has a valid license issued by the Department of Revenue, set forth regulations for the issuance of such licenses, and provide for their suspension by the Department under stated circumstances. The statutes concerning suspension of licenses contain what is known as a point system under which numbers of points are charged against a driver's record for traffic violations. Upon accumulation of a sufficient number of points, the violator's license is liable to suspension by the Department.[1]
The Department of Revenue, acting pursuant to this statute, suspended Cave's license because he had been "convicted" of three speeding violations resulting in the accumulation of 12 points within 12 consecutive *481 months. The first conviction resulted from a plea of guilty in court, and the other "two convictions" resulted from acceptance of penalty notices and payments of the fines required by the notice.
Cave contends that the Department of Revenue exceeded its authority in suspending his license. He first asserts that the penalty assessment notices are illegal and unconstitutional and that the acceptance of such a ticket and the payment of the fine cannot be considered a conviction within the meaning of C.R.S.1963, 13-4-23. He argues that, in violation of his constitutionally protected right to due process of law, the penalty assessment procedure imposes upon him the consequences of a conviction without a judicial proceeding to determine his guilt.
The statutes provide procedures for arrest and prosecution of traffic offenders as misdemeanants. As an alternative to trial of traffic offenders, the statutes provide that in certain cases a penalty assessment notice may be issued to the motorist.[2] The motorist is given the option of accepting the notice and paying the fine, and such acceptance and payment by operation of the statute constitute an acknowledgment of guilt of the violation stated in the notice. The statute gives the violator a right to refuse to accept the notice, and upon such refusal, the officer is required to issue a summons. If the driver accepts the notice but fails to pay the fine within five days thereafter, the notice operates as a summons to appear in a court designated in the notice for trial of the traffic offense as a misdemeanor.[3] Payment of the penalty assessment is deemed a conviction for the purpose of assessment of points.[4]
It has been held in numerous states that a forfeiture of bail is equivalent to a conviction for purposes of statutes authorizing the revocation or suspension of an operator's driving license. Lamb v. Butler, 198 Va. 509, 95 S.E.2d 239; Lamb v. Smith, 195 Va. 1053, 81 S.E.2d 768; Turro v. *482 Carpentier, 26 Ill.App.2d 156, 167 N.E.2d 568; and Pryor v. David, 436 S.W.2d 3 (Mo.). See also Annot., 79 A.L.R.2d 866.
The Colorado statute provides that either a forfeiture of bail or the payment of a penalty assessment shall be considered a conviction. The statute does not violate any constitutionally protected right of the operator of a motor vehicle and is a valid legislative enactment. The penalty assessment statute does not deprive an offender accused of a traffic violation of his right to a trial. On the contrary, the statute not only expressly preserves the accused's right to a trial but also affords him an alternative procedure which he may accept or reject.
Cave contends that the penalty assessment procedure is invalid because it provides that the acceptance and payment of the penalty assessment notice constitutes a plea of guilty without providing procedures and standards constitutionally required to insure the voluntariness of the plea. In support of this position, plaintiff cites the cases of Martinez v. People, 152 Colo. 521, 382 P.2d 990, and Westendorf v. People, Colo., 464 P.2d 866. These cases outline standards for procedures to be followed in receiving a plea of guilty in serious criminal cases. See Crim.P. 11(c). However, more simplified procedures can properly be used for minor traffic offenses. See A.B.A. Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty (Approved Draft, 1968). The simplified procedures of the penalty assessment statute do not impermissibly offend the due process clauses of either the Constitution of the State of Colorado or the Constitution of the United States.
Second, Cave contends that the penalty assessment statutes were not complied with and that therefore the resulting suspension of his license is void.
Our Supreme Court has characterized an individual's right to use of the public highways of the state as an adjunct of the constitutional right to acquire, possess, and protect property. People v. Nothaus, 147 Colo. 210, 363 P.2d 180. The legislature, in the exercise of the police power of the state, may limit this right of a citizen to operate a motor vehicle on the public highways. Statutes enacted by the legislature in the exercise of this police power must be strictly construed and are not to be extended by implication. Accordingly, an operator's license, once issued, is not to be revoked arbitrarily but only in the manner provided by law. Levin v. Carpenter, 332 S.W.2d 862, (Mo.) 79 A.L.R.2d 859.
The statutes which authorize the penalty assessment notices specifically require that the written notice tendered by the arresting officer shall contain certain information. C.R.S.1963, 13-5-134(2) (a), specifically requires that such notice shall contain "a place for such [accused] person to execute a signed acknowledgment of guilt . . . ." The penalty assessment notices issued to Cave contain over his signature the printed statement that "I hereby elect and agree to pay a total penalty assessment of" and the dollar amount of the fine. There is no statement in the notices advising Cave that his signature and payment of the fine constitutes a plea of guilty or an acknowledgment of guilt. The penalty assessment notices issued to Cave do not comply with the mandatory requirements of the statute. His acceptance of the notices in the form tendered and his payment of the fines stated therein may not be considered a conviction for which points may be assessed.
Cave's contention that the penalty assessment notices were invalid is not foreclosed by the rule that a judgment (of conviction) is not subject to collateral attack. His acceptance of the notices and payment of the fines do not constitute convictions within the purview of that rule. The statute provides that if the penalty assessment notice is issued in accordance with the statutory requirements and if payment is made, then such payment shall be . . . considered a conviction for purposes of license suspension. Cave's payment of the *483 fines does not preclude his contending that the statutory requirements for issuance of the notices were not complied with, and, in consequence, that the statute does not operate to make payment of the fines equivalent to a conviction.
Accordingly, the Director improperly assessed points against Cave's license on the basis of the penalty assessment notices issued on October 3, 1970, and on October 12, 1970, and Cave had not accumulated 12 points within 12 consecutive months. The Department of Revenue was without statutory authority to revoke Cave's license.
Solely on the basis of the deficiency of the penalty assessment notices, the judgment is reversed, and the cause is remanded with directions that the court issue an appropriate order requiring the Department of Revenue to vacate its order suspending Cave's license.
SILVERSTEIN, C. J., and SMITH, J., concur.
NOTES
[1] The pertinent portion of the statute, 1969 Perm.Supp., C.R.S.1963, 13-4-23, is:

"(1) The department shall have the authority to suspend the license of any operator or chauffeur who, in accordance with the schedule of points set forth in this section, has been convicted of traffic violations resulting in the accumulation of twelve points within any twelve consecutive months . . . .
. . . . .
"(5) Point system schedule:
. . . . .
"(f) (ii) Ten to nineteen miles per hour over the posted speed limit_ _ _ _4."
[2] C.R.S.1963, 13-5-130. "(4) (a) At the time that any person is arrested for the commission of any of the misdemeanors set forth in the schedule contained within subsection (3) of this section, the arresting officer shall, except when the provisions of subsection (4) (c) of this section prohibit it, offer to give a notice to the person in charge of, or operating, the motor vehicle involved, which notice shall be in the form of a penalty assessment notice. Such notice shall contain all the information required by subsection (2) of section 13-5-134. Should the person to whom the penalty assessment notice is tendered accept said notice, such acceptance shall constitute an acknowledgment of guilt by such person of his or her violation of the offense stated in such notice and a promise on such person's part to pay the fine specified in the schedule. . . . Acceptance and payment of the prescribed fine shall be deemed a complete satisfaction for the violation. . . ."
[3] C.R.S.1963, 13-5-130. "(4) (b) Should the violator refuse to accept the notice prescribed by subsection (4) (a) of this section when such notice is tendered by the arresting officer, the officer shall proceed in accordance with section 13-5-133 or section 13-5-134. Should the violator accept the notice, but fail to pay the prescribed penalty within five days thereafter, the notice shall be construed to be a summons as for a charge of a misdemeanor and the prosecution for said violation shall thereafter be heard in the court of competent jurisdiction prescribed on the notice, in which event the violator shall be privileged to answer the charge made against him in the same manner as is provided in this article for prosecutions of the misdemeanors not specified in subsection (3) of this section, except that the maximum penalty which may be imposed shall not exceed the penalty set forth in the schedule of fines contained in subsection (3) of this section for such violation."
[4] C.R.S.1963, 13-4-21(3), provides:

"The term `convicted' or `conviction' shall mean a final conviction. A forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall also be considered a conviction. The payment of a penalty assessment under the provisions of section 13-5-130 shall also be considered a conviction."