MR. JUSTICE KELLEY
delivered the opinion of the Court.
This is an appeal by William Strotz (appellant) of a judgment of the district court affirming an order of the Motor Vehicle Division of the *326 Department of Revenue (department), appellee, suspending appellant’s driver’s license. The suspension was predicated on the accumulation of twelve points within any twelve consecutive months. Following the suspension, the appellant commenced certiorari proceedings for review of the department’s order.[1] Finding no errors, the district court dismissed appellant’s petition. Strotz then perfected this appeal.
On July 20, 1975, the appellant was given a municipal court citation for careless driving within the city of Grand Junction, a four-point violation under state law.[2] The summons and complaint contained his name, address, driver’s license number, the offense charged, and the time and place to appear in court.[3] It also contained the following penalty assessment and waiver provision pertinent to the issue before us:
“The Violations Bureau may dispose of your offense if you (1) turn in this summons, with the appearance, plea and waiver hereon duly signed and executed before the clerk of the Bureau, and (2) pay the total fine set by the Court for such offense, said fine to be assessed according to the uniform schedule of fines set by the court.
“APPEARANCE, PLEA OF GUILTY AND WAIVER
“I, the undersigned, do hereby enter my appearance of the complaint of the offense charged on the other side of this summons. I have been informed of my right for a trial, that my signature to this plea of guilty will have the same force and effect as a judgment of court, and that this record will be sent to the Licensing Authority of this State (or of the State where I received my license to drive). I do hereby PLEAD GUILTY to said offense as charged and WAIVE my rights to a hearing by court or jury. It is understood that a bail deposit will be forfeited in lieu of fine of court and in full statement of said violation and further agree to pay the penalty prescribed for my offense.”
The appellant appeared before the Traffic Violations Bureau of the Grand Junction Municipal Court and signed the penalty assessment and waiver portion of the summons, thus entering a plea of guilty.
Appellant also received a citation on January 25, 1976, for driving while impaired, an eight-point violation under state law.[4] This citation contained a notice of the number of points to be assessed upon conviction. He entered a plea of guilty to this charge also. On May 26, 1976, after due notice, a hearing was held, and the department suspended appellant’s *327 driver’s license pursuant to section 42-2-123(1)(a), C.R.S. 1973, which grants the department authority to suspend the license of any driver convicted of traffic violations resulting in the accumulation of twelve points within any twelve consecutive months.
The specific issue here relates solely to the use by the department of the appellant’s careless driving conviction in municipal court on July 20, 1975 — the four-point violation — for point accumulation purposes. The appellant’s subsequent conviction in county court for driving while impaired — the eight-point violation — is not challenged. The issue before us requires an analysis and construction of numerous provisions of articles 1 to 4 of title 42, known as the Uniform Motor Vehicle Law, and the corresponding provisions of the Grand Junction traffic code.
Appellant advances two alternative arguments in support of his assertion that the department’s order suspending his driver’s license was invalid. His first involves statutory construction; the second is based on a denial of equal protection. Since we agree with his first argument, we do not reach the constitutional issue.
The basic contention of appellant is that the municipal court summons was deficient, so far as its use by the department in suspending his driver’s license is concerned, in that the penalty assessment notice failed to state the number of points which could be assessed upon a plea of guilty to the careless driving charge. This, he contends, violates the terms of sections 42-2-121(3), C.R.S. 1973, and 42-2-123(6)(a), C.R.S. 1973.
We begin our analysis by reference to section 42-4-108, C.R.S. 1973, which states that the provisions of article 4 shall be applicable and uniform throughout the state and in all political subdivisions and municipalities therein. This section also delegates to cities and counties the power to regulate and enforce all traffic and parking restrictions on streets which are state highways, subject to conditions and limitations not relevant here. This section further provides that municipalities may adopt by reference all or any part of a model or municipal traffic code which embodies the rules of the road and vehicle requirements set forth in article 2. Section 42-4-108 confers upon municipal courts jurisdiction over violations of traffic regulations adopted by municipalities.
The department contends that section 42-4-108(2) does not make the provisions of sections 42-4-1501, 42-4-1504 and 42-4-1505 mandatorily applicable to municipalities. Nevertheless, the “Model Traffic Code for Colorado Municipalities,” 1973 Revised Edition, which Grand Junction adopted[5] and which was in effect at the time of the appellant’s guilty plea, *328 contains the substance of sections 42-4-1501, 1504 and 1505.[6]
Section 42-2-123(1)(a) authorizes the department to suspend the license of any driver, who, in accordance with the schedule of points set forth in subsection (5), has been convicted of traffic code violations resulting in the accumulation of twelve points within any twelve consecutive months. Subsection (6)(a) provides:
Convicted’ and ‘conviction’ as used in this section include conviction in any court of record or municipal court . . . and also include the acceptance and payment of a penalty assessment under the provisions of section 42-4-1501 or under the similar provisions of any town or city Ordinance.”[7] (Emphasis added.)
The meaning of the terms convicted or conviction is significant. The legislature has mandated a minimum standard of due process before payment of a penalty assessment may be used as a conviction for purposes of suspension or revocation of a driver’s license pursuant to section 42-2-123(1)(a). That standard may be found in section 42-2-121(3), which reads as follows:
“The term ‘convicted’ or ‘conviction’ means a final conviction. The payment of a penalty assessment under the provisions of section 42-4-1501 shall also be considered a conviction if the summons states clearly the points to be assessed for that offense. Whenever suspension or revocation of a license is authorized or required for conviction of any offense under state law, a final finding of guilty of a violation of a municipal ordinance governing a substantially equivalent offense in a city, town, or city and county shall, for purposes of such suspension or revocation, be deemed and treated as a conviction of the corresponding offense under state law. . . ,”[8] (Emphasis added.)
In section 42-4-1501 there is further evidence of a legislative intent to require that the person arrested for a traffic code violation be advised of *329 the points which will be assessed as the result of the conviction. Subsection 4(a) declares: “The officer shall advise the person arrested of the points to be assessed in accordance with section 42-2-123.” This same requirement of notice is repeated in section 22-8(c) of the “Model Traffic Code.”
It is therefore clear upon construing the pertinent statutes and the “Model Traffic Code” that the requirement of section 42-2-121(3) does apply to the appellant. Since the points to be assessed by virtue of the July 20 violation did not appear on the summons, nor was the appellant advised by the arresting officer in reference to the points, points cannot be assessed against him for that offense.
The department contends, however, that the outcome in the instant case is controlled by our decision in People v. District Court, 191 Colo. 298, 552 P.2d 297 (1976). We disagree. In People v. District Court we held that “in the absence of a specific requirement by statute or rule, a juvenile court is not required to advise a juvenile of the consequences contingent on his own future misconduct.” (emphasis added). The distinction here is that section 42-2-121(3) specifically mandates that in order for a penalty assessment to constitute a conviction for license suspension or revocation purposes, the number of points to be assessed must appear clearly on the summons.
We stress the point, however, that the failure of the July 20 penalty assessment to contain a statement of the number of points to be assessed in no way invalidates the penalty assessment, or the guilty plea entered thereon, under section 42-4-1501(4)(a) or section 22-8 of the “Model Traffic Code,” as adopted by the City of Grand Junction. By accepting the penalty assessment, the appellant acknowledged his guilt of violating Grand Junction’s traffic laws and promised to pay the scheduled fine.
In view of the legislature’s expressed concern for uniformity in the regulation of vehicles and traffic in article 4 of the Vehicle and Traffic Code[9] and its repetition of requirements of notice throughout the code, the department may not revoke or suspend a person’s driver’s license, pursuant to section 42-2-123, unless there has been compliance with section 42-2-121(3). Cf. Cave v. Dept. of Revenue, 31 Colo. App. 185, 501 P.2d 479 (1972).
The judgment is reversed and the cause is remanded with directions to the district court to issue an appropriate order to the Department of Revenue to vacate its order suspending appellant’s license.
MR. JUSTICE GROVES and MR. JUSTICE LEE dissent.

 Section 42-2-127, C.R.S. 1973, and section 24-4-106, C.R.S. 1973.

 Section 42-2-123(5)(e), C.R.S. 1973.

 Section 42-4-1505(2)(a), C.R.S. 1973.

 Section 42-2-123(5)(b)(II), C.R.S. 1973.

 Section 28-1, Code of Ordinances of the City of Grand Junction, adopted by reference Articles I through XXVI, inclusive, of the “Model Traffic Code for Colorado Municipalities.”

 See, e.g., sections 22-2, 22-8, 22-9 of the model code.

 See also the definitional section, 42-1-102(14), C.R.S. 1973, “‘Convicted’ and ‘conviction’ include conviction in any court of record ... or any municipal court or acceptance of a penalty assessment notice and payment of the prescribed penalty in accordance with the provisions of section 42-4-1501.”

 Section 42-4-1501, C.R.S. 1973, states in pertinent part:
“(4)(a) At the time that any person is arrested for the commission of any of the misdemeanors set forth ... the arresting officer may . . . offer to give a notice to the person in charge of or operating the motor vehicle involved, which notice shall be in the form of a penalty assessment notice. Such notice shall contain all the information required by section 42-4-1505(2). Should the person to whom the penalty assessment notice is tendered accept said notice, such acceptance shall constitute an acknowledgement of guilt by such person of his violation of the offense stated in such notice and a promise on such person’s part to pay the fine specified in the schedule . . . within ten days from the date of arrest . . . .”

 Section 42-4-108(1), C.R.S. 1973.