**Leonard Charles PURCELL, Plaintiff-Appellant,**

**v.**

**Ben M. TOMASI, a hearing examiner for the State of Colorado Department of Revenue, Motor Vehicle Division; George L. Theobald, Hearing Division Director, Motor Vehicle Division, Department of Revenue of the State of Colorado, and Alan Charnes, Director of the Department of Revenue, State of Colorado, Defendants-Appellees.**

**No. 79CA0611.**

Colorado Court of Appeals,
Div. II.

Jan. 4, 1980.

Rehearing Denied Jan. 31, 1980.

Certiorari Denied April 7, 1980.

G. William Beardslee, Fort Collins, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Richard H. Forman, Asst. Atty. Gen., Denver, for defendants-appellees.

PIERCE, Judge.

Plaintiff appeals a judgment of the district court sustaining an order of the Department of Revenue suspending plaintiff's driver's license for a period of one year and denying plaintiff's request for a restricted license. We affirm.

At a hearing conducted by the Department pursuant to § 42–2–123, C.R.S.1973, it was determined that plaintiff had accumulated 12 points within 12 months and 19 points within 2 years, and that his license should therefore be suspended. Plaintiff contends that the Department acted improperly in considering a citation from the City of Fort Collins issued on May 30, 1977. Citing *Stortz v. Colorado Department of Revenue*, 195 Colo. 325, 578 P.2d 229 (1978), and *Dunn v. Tice*, Colo.App., 598 P.2d 530 (1979), plaintiff contends that the May 30 ticket does not bear on its face a notation of the points assessed for the offense and therefore may not be considered a conviction by the hearing officer.

Plaintiff's reliance on *Stortz* and *Dunn*, which dealt with penalty assessments under the provisions of § 42–4–1501(4)(a), C.R.S. 1973 (1978 Cum.Supp.), is misplaced. Section 42–2–121(3), C.R.S.1973, requires that for a penalty assessment to be considered a conviction for the purposes of suspension or revocation of a license, the summons must state clearly the points to be assessed for the offense. However, the conviction which plaintiff challenges was not the result of a penalty assessment, but rather resulted from a court appearance. Because the statutory provision which requires that a summons reflect the number of points to be assessed for the offense charged relates only to penalty assessments, plaintiff's contention is without merit.

Judgment affirmed.

RULAND and STERNBERG, JJ., concur.