**James T. LATHE, Plaintiff-Appellant,**

v.

**STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendant-Appellee.**

No. 82CA1340.

Colorado Court of Appeals,
Div. III.

June 21, 1984.

Rehearing Denied July 26, 1984.

Certiorari Denied Nov. 19, 1984.

Nancy A. Neuswanger, Rebecca Elliott, Fort Collins, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., James R. Willis, Asst. Atty. Gen., Denver, for defendant-appellee.

METZGER, Judge.

Plaintiff, James T. Lathe, appeals the trial court's judgment affirming an order of the Colorado Department of Revenue, Motor Vehicle Division (the Department), which extended the suspension period of his driver's license pursuant to § 42–2–130(3), C.R.S. (1983 Cum.Supp.), based upon a guilty plea to a charge of failing to notify the Department of a change of address. We reverse and remand for further proceedings.

Plaintiff's driver's license was suspended by the Department effective March 30, 1981. Plaintiff failed to receive notice of this suspension and, thus, failed to apply for reinstatement after March 30, 1982, when he was eligible to do so. On April 21, 1981, plaintiff received a traffic citation charging him with a violation of § 42–2–130(1)(a) C.R.S. (1983 Cum.Supp.), driving while license suspended and with a violation of § 42–2–117(1), C.R.S., failure to notify authorities of address change. Almost one year later, on April 15, 1982, he pled guilty to the address change violation and the other charge was dismissed.

On June 30, 1982, after a hearing at which plaintiff and his attorney appeared, the Department extended plaintiff's license suspension for an additional nine months, finding that his conviction pursuant to § 42–2–117(1), C.R.S., constituted an "offense committed while operating a motor vehicle" for purposes of § 42–2–130(3), C.R.S. (1983 Cum.Supp.).

The district court affirmed the Department's action, and this appeal presents the issue whether the district court erred in holding that a conviction for failure to noti-

fy authorities of a change of address constitutes an offense committed while operating a vehicle. We hold that it did so err.

Section 42–2–130(3), C.R.S. (1983 Cum. Supp.), provides that:

"The department, upon receiving a record of conviction or accident report of any person for an offense committed while operating a motor vehicle, shall immediately examine its files to determine if the license or operating privilege of such person has been suspended or revoked. If it appears that said offense was committed while the license or operating privilege of such person was revoked or suspended, the department shall not issue a new license or grant any driving privileges for an additional period of one year after the date such person would otherwise have been entitled to apply for a new license or for reinstatement of a suspended license %y(4)(27"

The statute which plaintiff violated, § 42–2–117(1), C.R.S., provides:

"Whenever any person, after applying for or receiving a driver's license or motor registration number, moves from the address named in such application or in the license or registration issued to him or when the name of the licensee is changed by marriage or otherwise, such person shall within ten days thereafter notify the department in writing of his old and new address, or of such former and new name, and the number of any license or registration held by him."

 This statute, enacted pursuant to the police power, must be strictly construed. *Cave v. Colorado Department of Revenue*, 31 Colo.App. 185, 501 P.2d 479 (1972). Nowhere does the statute mention any requirement that one be operating a motor vehicle in order to be convicted of this offense. Thus, on its face, the statute cannot be read to include the element of operating a motor vehicle.

Second, the statute's placement in the overall statutory scheme reveals that it does not include the element of operating a motor vehicle. Section 42–2–123(6)(c), C.R.S., specifically states that no traffic violation points are allocable for conviction of this offense. The only other offenses included in this category are permitting an unauthorized person to drive (§ 42–2–132, C.R.S.), having expired license plates (§ 42–3–113, C.R.S.), and being in violation of vehicle registration requirements (§ 42–3–102, C.R.S. (1983 Cum.Supp.). None of these other offenses include any reference to "operating a motor vehicle."

Third, the facts of this case fail to support any inference that plaintiff was operating a motor vehicle at the time of the offense. The record of the providency hearing at which plaintiff pled guilty was not before the Department, nor before the trial court, nor is it contained in the record before us. There is no evidence of the factual basis supporting plaintiff's conviction; the record consists merely of a notation that plaintiff pled guilty to the offense and received a $15 fine.

Accordingly, the judgment of the trial court is reversed, and the cause is remanded to the trial court with directions that it remand the cause to the Department with instructions to vacate its order extending plaintiff's suspension.

TURSI and BABCOCK, JJ., concur.