**Deena Lynne JACKSON, Plaintiff–Appellee,**

v.

**DEPARTMENT OF REVENUE OF the STATE OF COLORADO, MOTOR VEHICLE DIVISION, Defendant–Appellant.**

**No. 88CA1870.**

Colorado Court of Appeals, Div. A.

Jan. 11, 1990.

Rehearing Denied Feb. 15, 1990.

Certiorari Denied June 11, 1990.

Harry J. Holmes, Longmont, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Joe L. Martinez, Jr., Asst. Atty. Gen., Denver, for defendant-appellant.

Opinion by Chief Judge KELLY.

The Department of Revenue (Department) appeals from the district court judgment reversing its suspension of the driver's license of plaintiff, Deena Lynne Jackson. The sole issue on appeal is whether a default judgment entered by a municipal court for a violation of a decriminalized municipal traffic infraction constitutes a "conviction" for purposes of a driver's license suspension proceeding premised upon the accumulation of excessive "points" for traffic violations. We conclude that it does not, and therefore affirm.

The Department suspended plaintiff's driver's license for six months for the accumulation of excessive points, based in part on the assessment of three points for the reported traffic violation of failing to yield the right of way at a stop sign. Plaintiff was charged with this violation of a Longmont municipal ordinance in the Longmont municipal court. This violation was classified as a civil traffic infraction under the applicable Longmont municipal ordinances, the City having recently decriminalized certain minor traffic violations. Upon plaintiff's failure to appear for her scheduled court date, a default judgment was entered against her pursuant to the applicable Longmont municipal ordinances.

At the suspension hearing, plaintiff challenged the Department's consideration of this violation, arguing that a default judgment did not constitute a "conviction" for purposes of assessing points and authorizing suspension. The hearing officer rejected this argument and found that plaintiff's record sustained a suspension for excessive points. On review, the district court reversed the suspension, and this appeal followed.

The issue here is whether the entry of a default judgment in a municipal court for a civil traffic infraction *under municipal law* constitutes a "conviction" for points-

suspension purposes under the foregoing statutory provisions. We conclude that it does not.

The Department is authorized to suspend the driver's license of any person who has been "convicted" of traffic violations resulting in the accumulation of excessive points, but points cannot be assessed until after "conviction" for such traffic violations. Sections 42–2–123(1)(a) & (2)(a), C.R.S. (1984 Repl.Vol. 17). For points-suspension purposes, "convicted" and "conviction" are specifically defined as including:

> "conviction in any court of record or municipal court ... and also include the acceptance and payment of a penalty assessment under the provisions of section 42–4–1501 or under the similar provisions of any town or city ordinance *and the entry of a judgment or default judgment for a traffic infraction under the provisions of section 42–4–1501 or 42–4–1505.7.*" (emphasis added)

Section 42–2–123(6)(a), C.R.S. (1984 Repl. Vol. 17).

The General Assembly decriminalized various *state law* traffic violations in 1982, and in doing so, § 42–2–123(6)(a) was amended by the addition of the above-emphasized clause in the statute. *See* Colo. Sess.Laws 1982, ch. 173 at 681–82. The clause "or under the similar provisions of any town or city ordinance," which follows the provisions regarding penalty assessments under state law in this subsection, does *not* follow the provisions added in 1982 regarding judgments for civil traffic infractions *under state law*. We cannot presume that this omission was unintentional or without significance. *See State v. Borquez*, 751 P.2d 639 (Colo.1988).

Accordingly, we hold that a default judgment entered by a municipal court for a civil traffic infraction *under municipal law* does not constitute a "conviction" for purposes of assessing points and authorizing a license suspension. *Cf. Stortz v. Colorado Department of Revenue*, 195 Colo. 325, 578 P.2d 229 (1978) (payment of penalty assessment notice that did not state the points to be assessed for the offense did not constitute "conviction" for

points-suspension purposes); *Cave v. Colorado Department of Revenue*, 31 Colo. App. 185, 501 P.2d 479 (1972) (payment of penalty assessment notice without signed acknowledgment of guilt did not constitute "conviction" for points-suspension purposes).

The Department's argument that the Longmont municipal ordinances at issue here implement state law under § 42–4–1501 or are an extension of § 42–4–1501 is without merit. This argument is squarely refuted by § 42–4–108(2), C.R.S. (1984 Repl.Vol. 17), which provides that:

> "The municipal courts have jurisdiction over violations of traffic regulations enacted or adopted by municipalities. However, *the provisions of sections 42–4–1501*, 42–4–1504, and 42–4–1505 *shall not be applicable to municipalities.*" (emphasis added)

Thus, although the Longmont municipal ordinances may be patterned after comparable state law provisions, enforcement of violations of municipal traffic laws is separate and distinct from enforcement of violations of state traffic laws. *See also* § 42–4–108(5), C.R.S. (1984 Repl.Vol. 17).

Accordingly, since the Department improperly considered the municipal violation at issue here as a "conviction" for points-suspension purposes, the district court properly reversed the suspension of plaintiff's driver's license.

Judgment affirmed.

STERNBERG and DUBOFSKY, JJ., concur.