Timothy RUDLONG and Craig Van Sickle, Plaintiffs–Appellants,

v.

DEPARTMENT OF REVENUE of the State of Colorado, MOTOR VEHICLE DIVISION, Defendant–Appellee.

Nos. 92CA1532, 92CA1630.

Colorado Court of Appeals, Div. I.

Nov. 18, 1993.

Harry J. Holmes, Stuart S. Keown, Longmont, for plaintiffs-appellants.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Robert C. Ripple, Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge CRISWELL.

In these consolidated appeals, plaintiffs, Timothy Rudlong and Craig Van Sickle, each appeal from separate district court judgments which affirmed the revocations of their respective driver's licenses, as directed by the Department of Revenue pursuant to the habitual traffic offender statutes. The sole issue on appeal is whether, under the applicable statutory scheme, convictions of reckless driving in municipal courts constitute "major" traffic offenses for purposes of habitual traffic offender revocation proceedings. We conclude that such convictions were improperly considered for such purposes, and therefore, we reverse the district courts'

judgments and set aside the Department's orders of revocation.

The relevant facts are not in dispute. The Department revoked Rudlong's driver's license for five years upon its determination that his driving record showed him to be an habitual traffic offender, based on his convictions of three "major" traffic offenses committed within a seven-year period. Two of these convictions were entered in a municipal court for separate reckless driving offenses committed in 1986.

The Department similarly revoked Van Sickle's driver's license for five years upon determining that he also was an habitual traffic offender, based on his convictions of three "major" traffic offenses committed within a seven-year period. Similarly, one of these convictions was entered in a municipal court for a reckless driving offense committed in 1985.

The Department is authorized to revoke the driver's license of anyone whose driving record shows that person to be an habitual traffic offender, as defined by statute. Section 42–2–203, C.R.S. (1993 Repl.Vol. 17). Section 42–2–202(2), C.R.S. (1993 Repl.Vol. 17) defines such an offender as one having three or more convictions of any of six specifically enumerated "major" traffic offenses committed within a seven-year period, including the offense of "[d]riving a motor vehicle in a reckless manner, *in violation of section 42–4–1203.*" Section 42–2–202(2)(a)(II), C.R.S. (1993 Repl.Vol. 17) (emphasis added).

In addition, § 42–2–202(2)(b), C.R.S. (*1984* Repl.Vol. 17), which was applicable here, provided that the "offenses included in *subparagraphs (I), (III), and (V)*" of § 42–2–202(2)(a) "shall be deemed to include convictions under any federal law, any law of another state, *or any valid town or city ordinance* substantially conforming to the statutory provisions of this state regulating the operation of motor vehicles." (emphasis added) *Cf.* Colo.Sess.Laws 1993, ch. 248, § 42–2–202(2)(b) at 1545, which is applicable for offenses committed on or after July 1, 1993, and which now provides that the "major" traffic offenses set forth in "subparagraphs (I), (II), (III), and (V)" of § 42–2–202(2)(a)

include convictions under any similar municipal ordinances. (emphasis supplied)

■ We agree with plaintiffs that, under the applicable version of the pertinent statutes, their municipal court reckless driving convictions were improperly considered to be "major" traffic offenses by the Department. Accordingly, the revocations here cannot stand. *See* § 24–4–106(7), C.R.S. (1988 Repl. Vol. 10A).

Standing alone, § 42–2–202(2)(a)(II) restricts the reckless driving offenses which qualify as "major" traffic offenses for habitual traffic offender purposes to violations of *state* law only; it specifically limits the applicable offenses to violations of § 42–4–1203, C.R.S. (1993 Repl.Vol. 17), a state statute. And, municipal courts have no jurisdiction over such alleged violations. *See* § 42–4–108(2), C.R.S. (1993 Repl.Vol. 17); § 13–10–104, C.R.S. (1987 Repl.Vol. 6A).

However, § 42–2–202(2)(b) expressly broadens the types of offenses which qualify as "major" traffic offenses for habitual traffic offender purposes. This statute includes convictions under comparable municipal ordinances as to some, but not all, of the six specifically enumerated major traffic offenses. The applicable version of § 42–2–202(2)(b) refers only to municipal ordinances that define offenses comparable to those state offenses enumerated in "subparagraphs (I), (III), and (V)" of § 42–2–202(2)(a); subparagraph (II), relating to reckless driving, was not included.

We cannot presume that this omission of limited reckless driving offenses under § 42–2–202(2)(a)(II) from the expansive provisions of the former § 42–2–202(2)(b) was unintentional or without significance. Rather, we conclude that the plain language of this former statutory scheme indicated an intent by the General Assembly that the reckless driving offenses which qualified as major traffic offenses were limited to violations of state law only and that, conversely, municipal court reckless driving convictions were not considered as such major offenses. *See Jackson v. Department of Revenue,* 791 P.2d 1206 (Colo.App.1990) (municipal court conviction for municipal traffic infraction not a "conviction" for points suspension purposes).

*Accord State v. Wood,* 231 Kan. 699, 647 P.2d 1327 (1982) (convictions for certain municipal offenses were omitted as qualifying offenses for state habitual traffic offender purposes).

In reaching this conclusion, we are not unmindful of the provisions of §§ 42–2–202(4), 42–2–123(6), and 42–2–121(3), C.R.S. (1993 Repl.Vol. 17), which were relied upon by the Department and the district courts in support of a contrary result.

Section 42–2–202(4) provides that, for habitual traffic offender purposes, the term "conviction" has the meaning specified in § 42–2–123(6). This latter statute provides that such "convictions" include convictions in any municipal court. In addition, § 42–2–121(3) provides that:

> Whenever suspension or revocation of a license is authorized or required for conviction of any offense under state law, a final finding of guilty of a violation of a municipal ordinance governing a substantially equivalent offense in a city, town, or city and county shall, for purposes of such suspension or revocation, be deemed and treated as a conviction of the corresponding offense under state law.

These three statutes, standing alone, could be read to support the Department's interpretation. However, such a construction fails to give meaning and effect to the conflicting provisions of the applicable versions of §§ 42–2–202(2)(a)(II) and 42–2–202(2)(b).

■ The statutory scheme must be read and construed as a whole. If possible, the statutes should be construed so as to give consistent, harmonious, and sensible effect to all of their parts. *People v. District Court,* 713 P.2d 918 (Colo.1986). In addition, if general statutory provisions irreconcilably conflict with more specific provisions, the more specific provisions prevail as exceptions to the general provisions. Section 2–4–205, C.R.S. (1980 Repl.Vol. 1B).

■ Applying these principles here, we conclude that §§ 42–2–202(4), 42–2–123(6), and 42–2–121(3) are more general statutory provisions of broader application, which can be given full effect by authorizing the Department to consider municipal court reckless driving convictions in revocation and suspension proceedings other than the type involved in these cases. *See, e.g.,* § 42–2–202(3), C.R.S. (1993 Repl.Vol. 17) (habitual traffic offender revocations based on "minor" traffic offenses) and § 42–2–123, C.R.S. (1993 Repl.Vol. 17) (suspensions based on excessive points).

However, with respect to the habitual offender proceedings involved here, the provisions of the applicable version of § 42–2–202(2)(b) is more specific in its application than are the provisions of §§ 42–2–202(4), 42–2–123(6), and 42–2–121(3). Consequently, these more specific provisions must prevail and be given effect as an exception to the general rule established by the latter statutes. *See* § 2–4–205; *Fuhrer v. Department of Motor Vehicles,* 197 Colo. 325, 592 P.2d 402 (1979) (five-year revocation period applied in habitual traffic offender case rather than generally applicable 1–year period).

Accordingly, the judgments of the district courts are reversed, and the causes are remanded to the respective district courts with directions to set aside the Department's orders of revocation in each case.

PIERCE and ROTHENBERG, JJ., concur.