**COLORADO DEPARTMENT OF REVENUE, Appellant,**

v.

**Jake A. GARNER, Appellee.**

No. 01CA0259.

Colorado Court of Appeals,
Div. I.

Feb. 28, 2002.

Certiorari Granted Sept. 9, 2002.

Ken Salazar, Attorney General, Robert H. Dodd, Jr., Assistant Attorney General, Denver, Colorado, for Appellant.

Larry A. Garner, Golden, Colorado, for Appellee.

Opinion by Judge METZGER.

In this driver's license revocation case, the Department of Revenue appeals the district court's judgment entered in favor of appellee, Jake A. Garner. The Department had revoked Garner's driver's license for driving under restraint pursuant to § 42–2–138(3), C.R.S.2001, and the district court set aside the revocation order on judicial review. We affirm.

The relevant facts are not in dispute. On June 14, 2000, Garner was arrested for driving under the influence of alcohol, and the results of a breath test showed an excessive blood alcohol content. Based on this incident, the Department later revoked his driver's license for three months pursuant to § 42–2–126, C.R.S.2001, effective July 22, 2000. Garner's driver's license was reinstated on October 23, 2000.

Meanwhile, on August 19, 2000, Garner was involved in a traffic accident in which the vehicle he was driving was rear-ended by another vehicle. The accident report shows that the other driver was ticketed for careless driving, while Garner was ticketed only for driving under restraint in violation of § 42–2–138(1), C.R.S.2001.

Based on the accident report, the Department subsequently revoked Garner's driver's license for an additional year pursuant to § 42–2–138(3), for driving while the previous revocation was in effect. At the hearing on this revocation action, Garner presented documentary evidence showing that the driving under restraint charge had been dismissed on October 27, 2000. The hearing officer rejected his arguments and ordered the revocation.

Garner thereafter brought an action for judicial review in the district court. Ruling that the hearing officer had erroneously construed § 42–2–138(3) to authorize revocation under these circumstances, the district court set aside the revocation and ordered the reinstatement of Garner's driver's license.

On appeal, the Department contends the district court erred in holding that a conviction for a driving offense committed while under restraint is required for an additional restraint action under § 42–2–138(3). We disagree.

Section 42–2–138(3) provides as follows:

The department, upon receiving *a record of conviction or accident report* of any person for *an offense committed while operating a motor vehicle,* shall immediately examine its files to determine if the license or operating privilege of such person has been suspended or revoked. If it appears that *said offense was committed* while the license or operating privilege of such person was revoked or suspended, except as permitted by section 42–2–132.5, the department shall not issue a new license or grant any driving privileges for an additional period of one year after the date such person would otherwise have been entitled to apply for a new license or for reinstatement of a suspended license and shall notify the district attorney in the county where *such violation* occurred and

request prosecution of such person under subsection (1) of this section. (emphasis added)

■ These provisions authorize the Department to extend the period of a previous restraint action for an additional year whenever a driver whose license has been suspended or revoked commits additional traffic offenses while the previous restraint is in effect. *See Allen v. Charnes,* 674 P.2d 378 (Colo.1984). Conviction of any driving offense, not necessarily just the offense of driving under restraint, committed during a previous period of restraint is sufficient to support an extension of that restraint period by the Department under § 42–2–138(3). *See Conway v. Colorado Dep't of Revenue,* 653 P.2d 411 (Colo.App.1982).

■ The Department does not have discretion under these provisions to grant driving privileges to one who has been convicted of a driving offense committed while a previous restraint was in effect. Thus, the only issue to be determined at a hearing under § 42–2–138(3) is whether the driver has sustained a conviction for an offense committed while operating a motor vehicle during a previous period of restraint. *See Harris v. Colorado Dep't of Revenue,* 714 P.2d 1325 (Colo.App.1985).

■ Contrary to the Department's argument, an accident report alone does not constitute a sufficient basis for an additional restraint action under § 42–2–138(3). *See Harris v. Colorado Dep't of Revenue, supra; see also Conway v. Colorado Dep't of Revenue, supra.*

■ Section 42–2–138(3) does not authorize the Department to make an independent determination whether a driver has committed the requisite driving offense for the additional restraint action. Because the statute authorizes additional administrative sanctions only when another driving "offense" or "violation" has been committed, we conclude that § 42–2–138(3) authorizes the Department to take such action only when its records show a conviction of such an infraction.

We note that many other restraint actions the Department is authorized to take are also

predicated on a record of conviction of various driving offenses. *See, e.g.,* §§ 42–2–125, 42–2–127, 42–2–203, C.R.S.2001. Conversely, where the General Assembly has authorized the Department to take certain restraint actions based on its independent determination of the relevant facts, such statutory provisions expressly authorize such determinations under specific procedures. *See* §§ 42–2–126, 42–2–127.7, C.R.S.2001.

We also perceive nothing in the language or legislative history of § 42–2–138(3), to indicate that the General Assembly intended the Department to have such independent fact finding authority in this context. The Department has not cited, and we have not found, any authority upholding a restraint action taken under the current or former provisions of § 42–2–138(3) absent a conviction of a separate offense.

Here, Garner was not convicted of any offense committed while the previous revocation was in effect. Rather, the record shows that, although he was charged with driving under restraint based on the traffic accident, that charge was later dismissed.

Under these circumstances, we conclude the administrative record does not support the Department's revocation action pursuant to § 42–2–138(3) for driving under restraint. *See Lathe v. State,* 691 P.2d 356 (Colo.App.1984)(reversing Department's additional restraint action taken under these provisions where criminal charge of driving under restraint was dismissed and driver was convicted only of failing to notify Department of a change of address).

Thus, the district court properly set aside this revocation order on judicial review. *See* § 42–2–135(1), C.R.S.2001; *see also* § 24–4–106(7), C.R.S.2001.

In view of this disposition of the issues, we need not address the remaining contentions.

The judgment is affirmed.

Judge ROTHENBERG and Judge KAPELKE concur.